UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| CARNEGIE MELLON UNIVERSITY,<br><br>                           Plaintiff,<br><br>v.<br><br>LSI CORPORATION, ET AL,<br><br>                          Defendants. | No. 1:20MC0664RP |

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH OR MODIFY THIRD-PARTY DEPOSITION SUBPOENA

**NOW COMES** Third-party deponent, Dr. Aleksandar Kavcic ("Dr. Kavcic"), by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 45(d)(3), moves to quash or modify the deposition subpoena issued by LSI Corporation ("LSI"), and states as follows in support thereof:

### INTRODUCTION

This Motion to Quash or Modify the deposition subpoena of Dr. Kavcic sits at the intersection of two cases currently pending in the District Court for the Northern District of California. On April 23, 2020, Dr. Kavcic filed a lawsuit captioned *Kavcic v. Broadcom Corporation,* No. 20-cv-01246 (N.D. Cal.) (the "Kavcic Litigation") to declare his rights and obligations under a 2016 contract with Broadcom (the "Letter Agreement"), pursuant to which Dr. Kavcic assisted Broadcom in defending a lawsuit filed by the University of Minnesota relating to the encoding of data written to magnetic disks in hard disk drives (the "Coding Patent").[1] The same day the Kavcic Litigation was filed, Dr. Kavcic was served by LSI with a subpoena to testify by deposition on June 30, 2020 in *Carnegie Mellon University v. LSI*

---

[1] The terms of the contract have been deemed confidential in the Kavcic Litigation, so this Motion does not recite the terms of that agreement.

1

*Corporation,* No. 3:18-cv-04571-JD (N.D. Cal.) (the "CMU Litigation"), a patent infringement case concerning the validity of Dr. Kavcic's own invention relating to the detection of codes in read channels, which enable significantly more data to be packed onto hard disk drives than was previously available (the "Detector Patents").[2]

The need for the Kavcic Litigation arose when, in October 2019, Dr. Kavcic attended the deposition of an expert witness in the CMU Litigation. At the deposition, LSI (which is owned by Broadcom) threatened to sue Dr. Kavcic for violating the Letter Agreement. LSI alleged, without any factual basis, that Dr. Kavcic disclosed Broadcom's confidential information to CMU by virtue of his cooperation in the CMU Litigation. LSI made this assertion even though the CMU Litigation does not relate to the Coding Patent, which was the subject of the Letter Agreement.

The purpose of the Kavcic Litigation is to seek a declaratory judgment that would affirm Dr. Kavcic's right to participate in the defense of the validity of his own patents at issue in the CMU Litigation. Until the Court clarifies, in the Kavcic Litigation, that Dr. Kavcic can participate in the defense of his invention in the CMU Litigation without running afoul of his obligations, if any, under the Letter Agreement, it is burdensome and prejudicial for Dr. Kavcic to sit for a deposition on June 30. Compounding the burdensomeness of a June 30 deposition is the continued spread of the novel coronavirus, LSI's insistence that the deposition take place in-person, and the fact that Dr. Kavcic is currently located in Serbia and would not have sufficient time, upon returning to the United States, to quarantine before the deposition. LSI's refusal to

---

[2] The subpoena scheduled Dr. Kavcic to be deposed in Austin, Texas. *See* **Exhibit 1**, a true and correct copy of the subpoena. Therefore, because motions to quash are properly filed in "the court for the district where compliance is required", this court has jurisdiction to hear the present Motion. *See MetroPCS v. Thomas,* 327 F.R.D. 600, 606 (N.D. Tex. 2018) (motion to quash deposition subpoena properly filed in the Northern District of Texas, even though it was issued from the Eastern District of Pennsylvania).

mutually agree upon a new deposition date for Dr. Kavcic appears to be nothing more than an attempt to engineer a delay in the CMU Litigation's trial schedule. LSI's deposition subpoena of Dr. Kavcic should be quashed or modified.

## FACTUAL BACKGROUND

### Dr. Kavcic's Detector Patents

In the late 1990s/early 2000s, Dr. Kavcic invented technology to improve the accuracy of the detection of magnetic fields stored on disk drives, which allowed information to be stored more densely than was previously possible. *See Kavcic v. Broadcom Corporation*, No. 20-cv-01246 (N.D. Cal.), ECF No. 23, ¶ 2. This allowed disk drive manufactures to build storage systems that were physically smaller yet held more information. *Id.* at ¶ 16. CMU applied for patent protection of Dr. Kavcic's invention, which resulted in the United States Patent and Trademark Office granting United States Patent No. 6,201,839, *Method and Apparatus for Correlation-Sensitive Adaptive Sequence Detection* and United States Patent No. 6,438,180, *Soft and Hard Sequence Detection in ISI Memory Channels* (collectively the "Detector Patents"). *Id.* at ¶ 17.

### The Coding Patent

At about the same time, the University of Minnesota was granted a patent for separate and distinct coding technology for disk drives, United States Patent No. 5,859,601, *Method and Apparatus for Implementing Maximum Transition Run Codes* (the "Coding Patent"). *Id.* at ¶ 24. The Coding Patent relates to the way that computer data are encoded into streams of information that can be written onto a disk drive and how those streams of information are decoded back into computer data; by eliminating certain error-prone patterns from the information stream, the inventive technology increased the amount of information that could be stored on a disk drive. *Id.* at ¶¶ 3, 27.

**The Letter Agreement**

In November 2016, Broadcom asked Dr. Kavcic to enter into the Letter Agreement assist the University of Minnesota in its pending litigation over the Coding Patent. *Id.* at ¶ 4. Dr. Kavcic completed his services under the Letter Agreement in 2016, and has not been asked by Broadcom to perform any other tasks under the Letter Agreement since that time. *Id.* at ¶ 35.

**The CMU Litigation**

In July 2018, CMU, the assignee of the Detector Patents, sued Broadcom for infringing Dr. Kavcic's Detector Patents in the CMU Litigation. In October 2019, Dr. Kavcic attended the deposition of an expert witness in the CMU Litigation. At the deposition, LSI threatened to sue Dr. Kavcic for violating the Letter Agreement and allegedly disclosing Broadcom's confidential information to CMU, even though the CMU Litigation does not relate to the Coding Patent, which was the subject of the Letter Agreement.

**The Kavcic Litigation and Subpoena to Testify**

On April 23, 2020, Dr. Kavcic initiated the Kavcic Litigation to seek judicial guidance on the scope of the Letter Agreement's confidentiality provisions and to affirm his right, and the extent to which, he can participate in the CMU Litigation without the fear of being sued for violating the Letter Agreement. That same day, Dr. Kavcic received a subpoena from LSI to appear in Austin, Texas on June 30, 2020 for a deposition in the CMU Litigation.

On June 8, 2020, counsel for LSI inquired by email whether "[i]n light of the ongoing pandemic," "Dr. Kavcic plan[ned] to appear for the [June 30] deposition as scheduled." *See* June 8 email, attached hereto as **Exhibit 2**. On June 16, counsel for both Dr. Kavcic and LSI held a phone conference to discuss the pending deposition date. Counsel for Dr. Kavcic requested that the parties agree to convene the deposition at a mutually agreeable future date, once Dr. Kavcic

receives guidance from the court about his obligations under the Letter Agreement. Counsel for Dr. Kavcic reminded LSI that service of LSI's subpoena was accepted on the condition that LSI and Dr. Kavcic find a mutually agreeable date for Dr. Kavcic's deposition. Counsel for LSI responded by email on June 17, setting forth the following options:

> "Option 1: Dr. Kavcic sits for deposition on June 30, 2020 as noticed and the CMU matter moves forward as planned. That is our preferred option.
>
> Option 2: In light of Dr. Kavcic (and CMU's) refusal to sit for deposition until the Kavcic matter is resolved, CMU agrees to an extension of the schedule in the CMU matter where such extension is sufficient to allow the Kavcic matter to be resolved and Dr. Kavcic's deposition to be taken in the CMU matter.
>
> Option 3: Dr. Kavcic moves to quash the outstanding subpoena, and the parties await a ruling from the Court as to the best path forward."

*See* June 17 email, attached hereto as **Exhibit 3**. LSI has indicated that "intend[s] to take Dr. Kavcic's deposition in person." *See* June 17 email, attached hereto as **Exhibit 4**. Because LSI presented Dr. Kavcic with only two practical options – reset the entire trial schedule in the CMU Litigation, or move to quash the subpoena – Dr. Kavcic brings the present Motion.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 45, on a "timely motion," the court for the district where compliance is required must quash or modify a subpoena that "(1) fails to allow a reasonable time for compliance; (2) requires a person who is not a party to travel more than one hundred miles from where the person resides; (3) requires disclosure of privileged or protected matter; or (4) subjects a person to undue burden." *Bagwell v. Rival Consumer Sales Corp.*, No. EP-06-CA-117-FM, 2006 WL 2883137, * 2 (W.D. Tex. Sept. 19, 2006) (granting motion to quash deposition subpoena); citing Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv). "Timely," within the meaning of Rule 45, is a motion that is filed "within the time set in the subpoena for

5

compliance." *MetroPCS v. Thomas*, 327 F.R.D. 600, 614 (N.D. Tex. 2018). A court has discretion to quash or modify the subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). "The moving party has the burden of proof to demonstrate that compliance with the order would be unreasonable and oppressive." *Bagwell*, 2006 WL 2883137, at * 2 (internal citations omitted). All discovery from a third party, as permitted through Rule 45, is limited to the scope of discovery permitted under Rule 26(b)(1) in the underlying action, and "discovery outside of this scope is not permitted." *MetroPCS*, 327 F.R.D. at 610.

## ARGUMENT

Dr. Kavcic's deposition subpoena should be quashed or modified for several reasons. First, Rule 45 specifically provides that the "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed R. Civ. P. 45(d)(1). Requiring Dr. Kavcic to testify before the Kavcic Litigation is resolved would render that case moot. Indeed, the entire purpose of Dr. Kavcic's declaratory judgment action is to seek judicial guidance on the scope of the confidentiality provisions contained in the Letter Agreement, so that Dr. Kavcic will know what is permissible for him to discuss in relation to the CMU Litigation. If Dr. Kavcic proceeds with his deposition in the CMU Litigation before obtaining judicial guidance on the permissible scope of his testimony, he could run afoul of the very confidentiality provisions Broadcom and LSI seek to enforce against him, and the purpose of the declaratory judgment action would be defeated. To that end, enforcing the current deposition subpoena would pose undue burden and expense on Dr. Kavcic by rendering purposeless the legal expenses he has incurred to date by filing the Kavcic Litigation. Importantly, Dr. Kavcic is not objecting to being deposed; he is

merely requesting that his deposition be rescheduled to a date that does not obstruct his declaratory judgment action.

Second, there is a global coronavirus pandemic complicating the facilitation of Dr. Kavcic's deposition on June 30. Courts will grant protective orders in favor of a deponent where taking the witness's deposition poses a serious health risk. *See In re McCorhill Pub., Inc.*, 91 B.R. 223, 225 (S.D.N.Y Bankr. 1988) ("Manifestly, if an oral deposition will pose a threat to a witness' health, the court will exercise its discretion in favor of a protective order."); *Dunford v. Roily Marine Service Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005) (granting protective order to quash deposition where witness suffered from a brain disorder); *See Wilder v. Southeastern Public Service Authority of Virginia*, No. 94–2621, 1995 WL 637229, *2 (4th Cir. 1995) (per curium) (affirming issuance of protective order preventing deposition and limiting written interrogatories of witness suffering from multiple sclerosis where the stress of answering written questions had adversely affected the deponent's physical condition and continuing to answer them could endanger her health permanently); *United States v. Mariani*, 178 F.R.D. 447 (M.D. Pa. 1998) (granting protective order to prevent deposition where the witness suffered from a life threatening coronary artery disease and congestive heart failure.). Dr. Kavcic is currently located in Serbia. LSI's counsel insists on taking Dr. Kavcic's deposition in-person. *See* Exs. 3-4. In order for Dr. Kavcic to attend his deposition on June 30, therefore, he must travel internationally and risk exposing himself to the deadly coronavirus. Compounding the health risks associated with travel, the deposition date leaves Dr. Kavcic no time to quarantine before being deposed in-person. *See* **Exhibit 5**, Declaration of Dr. Kavcic, ¶¶ 5-6; Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19) https://www.cdc.gov/coronavirus/2019-ncov/travelers/after-travel-precautions.html (last visited June 23, 2020) ("There is widespread,

ongoing transmission of novel coronavirus worldwide [see Global COVID-19 Pandemic Notice]. If you have traveled internationally in the past 14 days, stay home and monitor your health."). Maintaining Dr. Kavcic's currently scheduled deposition date is impractical and irresponsible, given the serious health risk it presents.

Third, when counsel for Dr. Kavcic agreed to accept service of LSI's subpoena on behalf of Dr. Kavcic, it was conditioned on LSI agreeing to a mutually acceptable deposition date. *See* Ex. 5, ¶ 8. Now, LSI will only agree to a new deposition date if CMU agrees to extend the entire trial schedule in the CMU Litigation. *See* Ex. 3. Dr. Kavcic is not a party to the CMU Litigation and cannot agree on CMU's behalf to alter the trial schedule. LSI's refusal to cooperate appears to be nothing more than an attempt to engineer a delay in the CMU Litigation. Dr. Kavcic should not be held hostage to a scheduling dispute between CMU and LSI. Further, LSI's subpoena violates Rule 45's geographical limitations. Pursuant to Rule 45(c)(1)(A), "[a] subpoena may command a person to attend a trial, hearing, or deposition only … within 100 miles of where the person resides, is employed, or regularly transacts business in person." Dr. Kavcic is currently based in Serbia, such that LSI's subpoena clearly violates the geographical restrictions imposed by Rule 45. *See* Ex. 5, ¶¶ 5-6; *Comm–Tract Corp. v. Northern Telecom, Inc.*, 168 F.R.D. 4, 7 (D. Mass. 1996) (court "ha[d] no discretion but to quash or modify" a subpoena issued and served in Massachusetts upon a non-party witness who, by the time of his scheduled testimony, had relocated to Hong Kong pursuant to a work contract because "the time frame for judging whether a witness must travel more than 100 miles from his residence, place of employment, and the place where he transacts business in person is the time when the witness is to appear, not the time when he is served."). The purpose of Dr. Kavcic's conditioned acceptance of LSI's subpoena was to avoid such scheduling and enforceability dilemmas.

For all the foregoing reasons, Dr. Kavcic respectfully requests that the Court quash LSI's subpoena, or in the alternative, modify the subpoena by entering an order rescheduling Dr. Kavcic's deposition to a date after resolution of the Kavcic Litigation that is mutually convenient for both Dr. Kavcic and LSI. *See Id.* (opting to modify subpoena that violated Rule 45's geographical restrictions).

## CONCLUSION

**WHEREFORE**, Third-Party Deponent Dr. Aleksandar Kavcic respectfully requests that this Court enter an Order: (a) quashing the deposition subpoena of Dr. Kavcic issued by LSI, or in the alternative, rescheduling Dr. Kavcic's deposition to a date after resolution of the Kavcic Litigation that is mutually convenient for both Dr. Kavcic and LSI and (b) and awarding other relief as the Court deems appropriate.

Dated: June 24, 2020

CLARK HILL STRASBURGER

By: /s/Elizabeth F. Griffin
Elizabeth F. Griffin

Clark Hill Strasburger
901 Main Street, Suite 6000
Dallas, Texas 75202
214-651-4300
214-651-4330 (facsimile)
EGriffin@ClarkHill.com
Texas State Bar Number 24092450

OF COUNSEL:
**To be Admitted Pro Hac Vice**

William D. Cramer
Clark Hill Strasburger
901 Main Street, Suite 6000
Dallas, Texas 75202
214-651-4300
214-651-4330 (facsimile)
BCramer@ClarkHill.com
Texas State Bar Number 00790527

*Attorneys for Third-Party Deponent Dr. Aleksandar Kavcic*

9