IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARNEGIE MELLON UNIVERSITY | § | |
| | § | |
| v. | § | A-20-CV-664-RP-AWA |
| | § | |
| LSI CORPORATION ET AL | § | |

**ORDER**

Before the Court are third-party Dr. Aleksandar Kavcic's Motion to Quash or Modify Third-Party Deposition Subpoena (Dkt. No. 1), Defendant LSI Corporation's Response in Opposition (Dkt. No. 5), and the parties' Joint Notice of Agreement to Transfer (Dkt. No. 10). The District Court referred the motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules.

On July 15, 2020, the Court held a telephonic hearing on the above motion, at which the parties informed the Court of their agreement that this matter should be transferred to the Northern District of California, where the underlying litigation is pending. *See* Dkt. No. 9. On July 16, 2020, the parties jointly filed a Notice of Agreement of Parties as to Transfer of Motion to Quash or Modify Third-Party Deposition Subpoena. Dkt. No. 10.

The Court's analysis in deciding disputes regarding out-of-district subpoenas is governed by Rule 45. *Paws Up Ranch, LLC v. Green*, 2013 WL 6184940, *1 (D. Nev. Nov. 22, 2013). Generally speaking, Rule 45 requires that disputes related to non-party subpoenas be resolved locally, to avoid imposing undue travel or expense burdens on non-parties who are challenging a subpoena. *See, e.g.*, FED. R. CIV. P. 45(d)(2)(B)(i) (directing that motions to compel be filed in "the district in which compliance is required"). Effective December 1, 2013, however, a significant change was made to Rule 45 through the addition of a new subsection, which states:

> (f) **Transferring a Subpoena-Related Motion**. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

FED. R. CIV. P. 45(f). The Advisory Committee's comments to the amendment indicate that "[t]o protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of [Rule 45] . . . that motions be made in the court in which compliance is required under Rule 45." FED. R. CIV. P. 45, Advisory Committee Notes to 2013 Amendments, Subdivision (f). The Notes further state, however, that "transfer to the court where the action is pending is sometimes warranted," either where the nonparty consents, or where there are exceptional circumstances. *Id.* In this case, both parties consent to transfer the instant issue to the Northern District of California, where the underlying litigation is pending. *See* Dkt. No. 10. Accordingly, pursuant to Rule 45 and the parties' joint consent, transfer of the Motion to Quash (Dkt. No. 1) is proper.

**IT IS THEREFORE ORDERED** that the Quash or Modify Third Party Subpoena (Dkt. No. 1) is are **HEREBY TRANSFERRED** to the United States District Court for the Northern District of California, San Francisco Division. The Court **FURTHER ORDERS** this case be **CLOSED**.

SIGNED this 17th day of July, 2020.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE